UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NANDI BROWN,**

    Plaintiff,

vs.

                      CASE NO.:

**AECOM TECHNICAL SERVICES, INC.,** a Foreign Profit Corporation,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NANDI BROWN, by and through her undersigned counsel brings this action against Defendant AECOM TECHNICAL SERVICES, INC., ("Defendant" or "AECOM"), and states as follows:

## INTRODUCTION

This is an action for damages and all available relief based on religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991("Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result and for the violation of Plaintiff's rights to be free from religious discrimination as well as retaliation and to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional

distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## JURISDICTION AND VENUE

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims.

3. This Court has jurisdiction over Plaintiffs' claims because at all times material to this Complaint, Plaintiff worked for Defendants in Sanford, Seminole County, Florida.

4. The illegal conduct occurred within the judicial district in and for this District.

5. Plaintiff timely dually-filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations, on June 21, 2022.

6. On November 2, 2023, the EEOC issued its right-to-sue letter and therefore, this Complaint is being filed within 90 days of Plaintiff

receiving her right-to-sue letter.

## PARTIES

7. Plaintiff is an adult individual who currently resides in Jacksonville, Duval County, Florida. However, during her employment with Defendant, Plaintiff resided in Sanford, Seminole County, Florida.

8. At all times material hereto, Plaintiff worked for Defendant, AECOM TECHNICAL SERVICES, INC., in Sanford, Seminole County, Florida.

9. Defendant AECOM TECHNICAL SERVICES, INC., is and was, at all relevant times, a Foreign For Profit Corporation, operating in Seminole County, Florida and is within the jurisdiction of this Court and this District.

10. Defendant is an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## STATUTORY PREREQUISITES

11. Plaintiff is an individual who suffered discrimination based on her religion.

12. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

13. Plaintiff was qualified for her position as a Civil Engineer.

14. The Defendants meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

15. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

16. Plaintiff timely dually-filed her Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") on June 21, 2022.

17. On November 2, 2023, the EEOC issued its right-to-sue letter. Therefore, this Complaint is being filed within 90 days of Plaintiffs receiving their right-to-sue letter.

18. Accordingly, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

## FACTS

19. Plaintiff was employed by Defendant from October 18, 2021, until Plaintiff was constructively discharged on March 10, 2022.

20. Plaintiff's work schedule was a day shift position working from Monday through Friday.

21. Plaintiff is a Christian and a member of the Seventh-Day Adventist Church.

22. As part of the core teachings of the Seventh-Day Adventist, its members believe that the Sabbath should be observed on the seventh day of the week, i.e. from Friday sunset to Saturday sunset.

23. Consistent with that core teaching, Plaintiff has deeply held

religious beliefs that she cannot perform secular activities, including work, on the Sabbath.

24. During Plaintiff's employment with Defendant, she was subjected to discrimination based upon her religion (Seventh Day Adventist).

25. Plaintiff previously informed Defendant that she could not perform work because of her Sabbath and requested an accommodation.

26. Despite the accommodation request, Plaintiff was scheduled to work on Saturday, December 4, 2021.

27. Plaintiff informed her supervisor Garrett Popovich ("POPOVICH"), that she was unable to work on Saturdays due to her religion.

28. In response to her complaints about working on the Sabbath, her schedule was changed from Saturday to Sunday.

29. However, on February 16, 2022, Plaintiff was again scheduled to work on a Saturday.

30. In response, Plaintiff again complained and said that she could not work on a Saturday as it was the Sabbath.

31. Plaintiff's direct supervisor, Sheryl Bradley, the Project Manager, responded to Plaintiff's complaint and shockingly stated that Plaintiff may need to work on a Saturday to allow her co-worker Julio, a full weekend like Plaintiff and Ryan had been given.

32. Plaintiff had never requested a full weekend off but rather to have

5

accommodations made for the Sabbath as a Seventh Day Adventist.

33. The next day, February 17, 2022, Plaintiff asked Popovich for the information for the Human Resources Representative and was advised that they did not have an in-house Human Resources and she would need to go on to the portal.

34. Plaintiff proceeded to log on to the portal and upload her letter from her pastor and also forward a copy of same to Bradley, who stated that she did not understand Plaintiff's religious accommodation.

35. During her employment with the Defendant, Plaintiff was frequently made to work outside of her normal day schedule which interfered with her religious observance of the Sabbath.

36. As a result, Plaintiff was constructively discharged on March 10, 2022.

## COUNT I
## RELIGIOUS DISCRIMINATION UNDER TITLE VII

37. Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1 through 36, above.

38. Defendants discriminated against Plaintiff based on her religion.

39. Defendants engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

40. Defendants knew or should have known of the discrimination and

unlawful targeting of Plaintiff.

41. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Costs and attorney's fees; and

   h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER TITLE VII

42. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 36, above.

43. Defendants retaliated against Plaintiff because of her complaints about religious discrimination.

44. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendants regarding religious discrimination.

45. Plaintiff suffered an adverse action after reporting to Defendants the unlawful conduct.

46. Defendants engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

47. Defendants knew or should have known of the discrimination and unlawful targeting of Plaintiff.

48. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT V
## RELIGIOUS DISCRIMINATION IN VIOLATION OF FCRA

49. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 36, above.

50. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

51. Defendants discriminated against Plaintiff based on her religion.

52. Defendants engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

53. Defendants knew or should have known of the discrimination and unlawful targeting of Plaintiff.

54. At all material times, Plaintiff was qualified to perform her job duties.

55. Defendants discriminated against Plaintiff because of her religion.

56. Defendants knew or should have known of the discrimination and

unlawful targeting of Plaintiff.

57. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF FCRA

58. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 36, above.

59. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

60. At all material times, Plaintiff was qualified to perform her job duties.

61. Defendants retaliated against Plaintiff because of her complaints about religious discrimination.

62. Plaintiff engaged in a protected activity by making numerous verbal and written complaints to Defendants regarding religious discrimination.

63. Defendants engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

64. The above retaliation was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 11th day of January, 2024.

Respectfully submitted,

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq. – LEAD COUNSEL
FL Bar No. 40924
THE LEACH FIRM, P.A.
1560 N. Avenue, Suite 600
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
*Attorneys for Plaintiff*